WILLIAM E. SLAYTON *vs.* WILLIAM MCDONALD and another, Appellants.

Washington.    Opinion November 26, 1881.

*Pleadings.    Declaration.*

When goods are sold to be paid for wholly or in part by other goods, or in labor, or otherwise than in money, an action to recover for same must be by special count on the agreement, and for a breach of it, and not for goods sold and delivered.

ON MOTION to set aside the verdict.

On appeal from the municipal court of Calais.

The writ declared in assumpsit upon an account annexed. The verdict was for the plaintiff in the sum of $77.49.

(Account annexed.)

Messrs. WM. McDONALD & SON,
To W. E. SLAYTON, DR..

|   | 1878. |   |   |
|---|---|---|---|
| (1) | Dec. 16. | To 402 lbs. lathe castings, 5 | $20.10 |
| (2)* | 27. | " 40 " 9 in. pulley and shin. machine, 5 | 2.00 |
|   | 1879. |   |   |
| (3) | Feb. 22. | " 5 " comp. lathe castings, 50 | 2.50 |
| (4) | " | " 4 " wheels, 6 | 24 |
| (5) | " | " making patterns for lathe heads, &c. | 5.00 |
| (6) | " | " 40 lbs. shingle machine, 6 | 2.40 |
| (7) | " | " bed piece for lathe, | 15.00 |
| (8)* | Mar. 20. | " 121 lbs. shingle machine castings, 6 | 7.26 |
| (9)* | May 8. | " 34 " " " " 6 | 2.04 |
| (10) | 28. | " bed piece for lathe, | 15.00 |
| (11) | July 7. | " " " " " for self, | 15.00 |
| (12) | " | " 134 lbs. wheel H. and tail stock, &c. 5 | 6.70 |
| (13) | " | " comp. and wh. iron fixtures for same, | 6.00 | 27.70 |
| (14)* | May 8. | " 240 lbs. gears, 5 | 12.00 |

$111.24

Cr. By their bill for Dec. 18, 1878, to May 19, 1879, inclusive, 35.75

$75.49

*A. McNichol,* for the plaintiff.

There is no tort in the legal sense in this transaction. It was a contract of sale of lathes to be paid in a lathe. And the plaintiff can recover in assumpsit. Story on Sales, 566. The principles that govern this case are well defined and settled in *Dunn* v. *Marston,* 34 Maine, 379.

*E. B. Harvey,* for the defendants.

VIRGIN, J. Assumpsit on an account annexed comprising fourteen items of various articles of iron casting, of different dates, running from December 16, 1878, to the following August. The plaintiff is an iron founder, and the defendants—William McDonald and his son James—machinists, having a shop where they manufacture and repair mill and other kinds of machinery.

'The defendants admit their liability for items numbered 2, 8, '9 and 12, and for these charges the action is well brought in the usual form of *indebitatus* assumpsit for goods sold and delivered ; but they deny all connection with the remaining items.

The remaining items, except 3, 4, 5 and 6 comprised four setts of "lathe castings"—that is a sufficent number and quantity to make four lathes when finished. In relation to these, the plaintiff testified in substance—that he delivered them in accordance with a verbal contract with one W. Randolph McDonald (son of William and brother of James, the defendants, one of their workmen and book-keeper,) whereby it was agreed that the defendants should have three of the setts for finishing and fitting the other for the plaintiff; that in making this contract Randolph professedly acted as agent of the defendants ; that prior thereto Randolph had frequently come to the plaintiff's foundry and ordered castings for the defendants which they had invariably paid for; that the defendants, in June 1879, on complaint being made to them of the delay in fitting up the plaintiff's lathe, declared it should be done right away ; but that they still neglecting to finish it, he on August 26, 1879, brought this action.

Assuming this testimony to be true, and that Randolph had authority to make the contract in behalf of the defendants, this form of action cannot be maintained for the recovery of the value of the lathe castings. For the general principle of law is well settled, that where goods are sold to be paid for wholly or in part by other goods or by the defendant's labor, or otherwise than in money, the action must be by special count on the agreement, and for a breach of it, and not for goods sold and delivered—otherwise the proper rule of damages cannot be applied. 1 Chit. Plead. (16 ed.) 357, and notes ; *Mitchell* v. *Gile*, 12 N. H. 390, and the numerous cases there cited ; *Holden S. Mill* v. *Westervelt*, 67 Maine, 446, 450, and cases. The verdict is therefore against law.

But if the declaration had contained a special count for the lathe castings, we do not think the jury were warranted in finding that Randolph was authorized to make the contract in behalf of the defendants.

Our opinion therefore is that the verdict is against law and the the evidence.

*Motion sustained.*

APPLETON, C. J., BARROWS, PETERS, LIBBEY and SYMONDS, JJ., concurred.